UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY W. WALTERS,<br><br>    Plaintiff<br><br>v.<br><br>JOSEPH LOMBARDO, personally and in his official capacity as Governor of the State of Nevada, and FRANCISCO V. AGUILAR, personally and in his official capacity as Secretary of State of Nevada,<br><br>    Defendants. | Case No.: 2:24-cv-02040-APG-MDC<br><br>**Order (1) Granting the Defendants' Motion to Dismiss and (2) Denying the Plaintiff's Motion for Preliminary Injunction**<br><br>[ECF Nos. 3, 18] |

Plaintiff Gary Walters sues Joseph Lombardo, personally and in his official capacity as Governor of Nevada, and Francisco Aguilar, personally and in his official capacity as Secretary of State of Nevada, for various forms of relief pertaining to Nevada federal elections. Walters alleges that the State of Nevada never properly extended the jurisdictional authority of its Constitution to Clark County. As a result, Walters claims, Clark County votes have tainted Nevada's state and federal election results for over a century, such that the Governor and the Secretary lack any real authority. Among other equitable relief, Walters asks that the electors representing Clark County be enjoined from submitting their electoral votes to the 2024 federal Electoral College.

Walters moves for preliminary injunctive relief. ECF No. 3. The defendants move to dismiss the complaint. ECF No. 18. I grant the defendants' motion to dismiss and deny Walters' motion for an injunction as moot.

**I.   BACKGROUND**

Walters' complaint recounts the following regarding Nevada's history. In 1866, Congress granted land to Nevada that forms the eastern and southern parts of the state, including

present-day Clark County.[1] ECF No. 1 at 3, 6, 17. But until the 1970s, the Nevada Constitution did not formally recognize this land grant, leaving one commentator to remark that Clark County's "laws, levels of government, and participation in state and national affairs may be without legal authority or justification." *Id.* at 5 (emphasis omitted). The Nevada legislature introduced a ballot initiative in 1979 and 1980 to amend the Nevada Constitution to recognize the 1866 land grant. *Id.* at 6-7. This ballot initiative passed. *Id.* at 7.

The complaint characterizes this ballot initiative as the Nevada legislature's effort to "cover up" a "major political disaster." *Id.* at 6. Walters alleges that all Nevada criminal convictions and all acts by Nevada officials prior to the ballot initiative were invalid. *Id.* at 7. Walters also alleges that the ballot initiative was tainted by Clark County voters who had no "authority to take part in or cast a vote on this ballot question," so the ballot initiative did not successfully incorporate Clark County into Nevada. *Id.* at 8-9. He therefore asserts that all Nevada criminal convictions and all acts by Nevada officials remain invalid to this day, even after the ballot initiative. *Id.* at 9.

The complaint alleges that Lombardo, Aguilar, Nevada federal electors, and the Nevada legislature are breaking state and federal law and that electors representing Clark County "have no authority to vote in either State elections or federal elections," including the 2024 federal presidential election. *Id.* at 9. Walters thus seeks to enjoin the electors from participating in the Electoral College. Because the Nevada legislature "failed to inform the general public as to what the" ballot initiative "was really all about," the Nevada legislature was engaging in "misfeasance" and "criminal acts." *Id.* at 11. According to the complaint, because Lombardo, as

---

[1] I will refer to "Clark County" for convenience, even though the complaint technically references all "lands south of the 37th parallel (which includes all of Clark County and a large portion of Nye County)." ECF No. 1 at 6.

2

governor, has the responsibility to execute Nevada state law, Lombardo "is also responsible for the Legislature's . . . failure to act in a lawful manner." *Id.*; *see* Nev. Const. art. V, § 7 (the Governor "shall see that the laws are faithfully executed"). Walters argues that Lombardo, as governor of Nevada, continues this fraud by failing to "prevent the authentication of a vote and result that is tainted, unconstitutional, or illegal." ECF No. 26 at 8. He contends that Aguilar, as secretary of state, continues this fraud by "validating" or "authenticat[ing]" Nevada election results. *Id.* The complaint concludes that the defendants are "guilty of election fraud" because they allowed ineligible Clark County residents to vote in elections. ECF No. 1 at 12.

To redress these alleged harms, Walters seeks declarations that Lombardo and Aguilar were not duly elected and lack authority, that the 1979/1980 Nevada constitutional amendment was invalidly adopted and is void, that the Nevada electors illegally participated in the 2020 Electoral College and have no authority to vote in the 2024 national election, that the "State of Nevada[]" committed "Malversion [*sic*]," and that the defendants have violated federal election laws under 52 U.S.C. § 20511. ECF No. 1 at 2, 13-14. He also seeks to enjoin the Nevada electors from participating in the federal Electoral College. *Id.* at 12-13.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In evaluating a facial challenge to subject matter jurisdiction, I take all plausible factual allegations as true and draw reasonable inferences in favor of the non-moving party. *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1006-07 (9th Cir. 2023).

Rule 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim. In evaluating a Rule 12(b)(6) motion, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When the claims have not crossed the line from the conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. Conclusory allegations of law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In evaluating both Rule 12(b)(1) and 12(b)(6) motions, allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Tiedemann*, 72 F.4th at 1007.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction is an extraordinary remedy that must be denied unless the movant meets the burden of persuasion "by a clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (simplified).

### III. DISCUSSION

Walters claims Lombardo and Aguilar engaged in election fraud and seeks various forms of equitable relief. Lombardo and Aguilar argue that (1) I lack subject matter jurisdiction over

Walters' claims because Walters does not state a claim arising under federal law, (2) Walters lacks standing to sue, and (3) the Eleventh Amendment bars Walters' claims against Lombardo and Aguilar.

### A. Subject Matter Jurisdiction

Federal district courts have jurisdiction over cases that "aris[e] under" federal law. 28 U.S.C. § 1331. "An action arises under federal law for purposes of federal question jurisdiction if that law creates the cause of action . . . or if a substantial question of federal law is a necessary element of the plaintiff's cause of action." *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995). And under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). So jurisdiction "may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

Here, Walters' complaint does not state a federal cause of action. Walters alleges that the defendants violated 52 U.S.C. § 20511, which criminalizes certain forms of fraud relating to federal elections. *See* ECF No. 1 at 2. But § 20511 does not state a private cause of action for injunctive and declaratory relief, nor does it imply one. Though federal courts may imply a federal cause of action in a statute that lacks one on its face in particular circumstances, "the fact that a federal criminal statute protects victims of the offense defined by that statute does not, without more, make such victims the sort of 'especial beneficiary' who may assert an implied private civil cause of action." *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (simplified). Section 20510(b) of the same chapter confers a private right of action on any person "who is aggrieved by a violation" of Chapter 205. The existence of a statutory private right of action in § 20510 negates the existence of an implied right of action under § 20511. *See*

5

*Hernandez v. Mesa*, 589 U.S. 93, 109 (2020) ("It would be anomalous to impute a judicially implied cause of action beyond the bounds Congress has delineated for a comparable express cause of action." (simplified)).

Further, Walters does not claim to be "aggrieved by a violation" of Chapter 205, and he specifically denies that he is relying on § 20510. *See* ECF No. 23 at 8, 11.  Even if Walters relied on § 20510, he has not met that section's requirements.  Section § 20510 provides that the person aggrieved can sue only after "provid[ing] written notice of the violation to the chief election official of the State involved."  Walters does not allege that he provided such notice.

Walters also denies that his claims arise under 42 U.S.C. § 1983, which provides a private cause of action for deprivation of federal rights under color of state law. *Id.* at 12.  Nevertheless, Walters suggests that he has met the requirements for a § 1983 claim because he was deprived of his rights under the U.S. Constitution's Guarantee Clause and the "principles of the Declaration of Independence." ECF No. 23 at 12; *see also* ECF No. 26 at 4-5.  But the Guarantee Clause and the Declaration of Independence are not sources of federal rights enforceable under § 1983. *See Baker v. Carr*, 369 U.S. 186, 223-24 (1962) ("[A] challenge to state action based on the Guaranty Clause presents no justiciable question."); *Elias v. Chisolm*, 2:19-cv-05501-MWF-JC, 2020 WL 10051520, at *8 n.2 (C.D. Cal. Sept. 6, 2020) ("The Declaration of Independence is not a federal law, is not part of the Constitution, and does not give rise to a federal civil rights action.").

Walters states that his case is about fraud that the defendants committed, "not 'voters' rights.'" *Id.* at 12, 15; *see also* ECF No. 1 at 12.  If Walters means to sue the defendants for common law fraud, that arises under state law, not federal law.  Therefore, I do not have subject matter jurisdiction over Walters' claims because they do not arise under federal law.

### B. Standing

Even if Walters cured these jurisdictional defects, he would need to show that he has standing to sue in federal court. To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The plaintiff has the burden of establishing each of these elements, and at the pleading stage the plaintiff must "clearly allege facts demonstrating" each element. *Id.* (simplified).

#### 1. Ban on Generalized Grievances

Based on the three elements of constitutional standing, the Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014) (stating that generalized grievances do not present "cases" or "controversies" under Article III). So "assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of [Article III] without draining those requirements of meaning." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 483 (1982). A plaintiff cannot seek relief that "no more directly and tangibly benefits him than it does the public at large." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992).

Walters denies that the alleged fraud impacted his voting rights. ECF No. 23 at 10. Instead, he claims that the defendants defrauded Nevada citizens and United States citizens.[2]

---

[2] Walters alleges that the voter fraud harmed the citizens of Nevada, but the alleged voter fraud would equally harm every citizen of the United States because the "fraud pulled off by Nevada" resulted in the "over throw [*sic*]" of the United States government. ECF No. 1 at 10. All United

ECF No. 1 at 10; ECF No. 23 at 8.  Walters' grievance is shared with any other citizen of Nevada and, it seems, with any citizen of the United States.  Walters bases his claims in part on his disagreement with Nevada law as interpreted by Nevada courts. *See* ECF No. 23 at 13 (stating that the "Nevada Supreme Court … has upheld the Defendants' authentication").  But because Walters cannot "seek out and challenge laws that [he] disagree[s] with based on disagreement alone," his complaint is a generalized grievance insufficient to confer standing. *Arizona All. for Retired Americans v. Mayes*, 117 F.4th 1165, 1173 (9th Cir. 2024) ("Courts may not allow plaintiffs with only ideological interests in the outcome of a case to pursue that case in court.").

### 2.   Injury in fact

For similar reasons, Walters has not alleged an injury in fact.  An injury in fact must be concrete, particularized, and actual or imminent. *Lujan*, 504 U.S. at 560.  To be particularized, the injury must affect the plaintiff "in a personal and individual way." *Spokeo*, 578 U.S. at 339 (quotation omitted).  To be concrete, the injury must be "real, and not abstract." *Id.* at 340 (quotation omitted).  Finally, to be actual or imminent, the alleged injury cannot be "too speculative" and must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (simplified).

Here, Walters alleges that the defendants violated 52 U.S.C § 20511, which outlines criminal penalties for election officials who knowingly and willingly "deprive[], defraud[], or attempt[] to deprive or defraud the residents of a State of a fair and impartially conducted election process." *See* ECF No. 1 at 2.  He alleges that the defendants defrauded the citizens of

---

States citizens would have in interest in stopping Nevada electors "from committing Election Fraud" in the federal presidential election. *See* ECF No. 3 at 9.

8

Nevada. But Walters does not point to any harm he personally and individually experienced due to the alleged fraud. Walters denies that the defendants violated his individual right to vote. He does not allege that this fraud affected him any differently than other voters in the state or federal election, so the injury resulting from the alleged fraud is not particularized to Walters. *See Drake v. Obama*, 664 F.3d 774, 782 (9th Cir. 2011) (finding the plaintiff lacked standing to challenge Barack Obama's eligibility to be president because his alleged injury in fact was "no more specific to [the plaintiff] than to any other citizen"). Though he complains of "the most offensive nature" of Nevada's conduct, Walters does not explain how he suffered a real injury instead of an abstract ideological harm. *See* ECF No. 1 at 10 (emphasis omitted). Walters does not assert a violation of 52 U.S.C. §§ 20503 to 20509, nor does he claim to be a person "aggrieved" by a violation of any of those provisions. *See* 52 U.S.C. § 20510 (creating a private right of action for persons "aggrieved by a violation of this chapter"). And with respect to the electors, who Walters has not named as defendants in this case, Walters has not stated that he will likely be injured in the future by their participation in the 2024 federal Electoral College.

Therefore, Walters lacks Article III standing to bring his claims because his complaint is a generalized grievance and does not clearly allege facts demonstrating a particularized, concrete, and actual injury in fact.[3] So I dismiss the complaint for lack subject matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

### C.     State Sovereign Immunity

Even if Walters had stated a federal claim for which he has standing, I would dismiss his claims as barred by the Eleventh Amendment. *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d

---

[3] I thus need not address causation/traceability and redressability. Nor do I need to consider Lombardo's and Aguilar's argument regarding the zone of interests test for standing.

9

923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."). The Eleventh Amendment prohibits federal courts from hearing a suit brought by a private citizen against a state government without the state's consent. *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). "Under the *Ex parte Young* exception to . . . Eleventh Amendment [immunity], a party may seek prospective relief against an individual state officer in her official capacity." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). This exception authorizes "prospective relief" more broadly against state officials, which includes both injunctive relief and certain forms of declaratory relief. *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir.), *opinion amended on other grounds on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002). But the *Ex parte Young* exception "does not apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as the defendant." *Doe*, 891 F.3d at 1153 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)). So "a federal court may not instruct state officials on how to conform their conduct to state law." *Calvary Chapel Lone Mountain v. Sisolak*, 831 F. App'x 317, 318 (9th Cir. 2020) (citing *Pennhurst*, 465 U.S. at 106) (simplified).

Because Lombardo and Aguilar are Nevada state officials, they receive Eleventh Amendment immunity unless the *Ex parte Young* exception applies.[4] Walters seeks declarations that the defendants were not duly elected under state law, that they lack authority under state law, and that they committed election fraud. To the extent this relief is designed to "conform their

---

[4] Walters sued Lombardo and Aguilar both personally and in their official capacity. But the declaratory relief that Walters seeks is available only in an official capacity suit. *See Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004), *overruled on other grounds by Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024).

10

conduct to state law," the Eleventh Amendment bars it because "[a] federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law." *Pennhurst*, 465 U.S. at 106.  So the Eleventh Amendment prohibits me from ordering state officials to conform to state law in this case, regardless of how that law is properly interpreted.  For the same reason, it also prohibits me from issuing declarations correcting alleged misapplications of state law. *McGinty v. Rue*, No. 90-35532, 976 F.2d 737, 1992 WL 235165, at *1 (9th Cir. 1992).  Therefore, in addition to not stating a federal claim and lacking standing, Walters' claims are barred by the Eleventh Amendment.

Walters might attempt to avoid this exception to *Ex parte Young* by arguing that I must resolve these state law questions to resolve a federal cause of action.  Walters does not explain how the declarations about state law that he proposes relate to any federal cause of action or vindicate federal law.  But even if he did and I had to reach the questions of state law that Walters presents, his argument has been rejected at both the state and federal levels.  The Supreme Court of Nevada has held that Clark County is part of Nevada to which the state's laws extend. *Surianello v. State*, 553 P.2d 942, 949 (Nev. 1976).  As that Court observed nearly five decades ago, the idea that Clark County is not part of Nevada is "presented periodically" but "is, of course, meritless." *Id.*  In 1867, the Nevada legislature "accept[ed] land that had been tendered to Nevada by an Act of the Congress of the United States." *Id.*  The Supreme Court of Nevada thus held that as a matter of Nevada law, Nevada did not need to amend its Constitution to accept this land.  And federal law states that Clark County would become part of Nevada once the Nevada legislature consented, which it did. *Ahlswede v. Wolff*, 720 F.2d 1108, 1110 (9th Cir.

1983). So "[u]nder the Supremacy Clause [of the United States Constitution], Las Vegas is within Nevada notwithstanding the Nevada Constitution." *Id.*

### D. Leave to Amend

I deny Walters leave to amend because amendment would be futile. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Even if Walters could establish subject matter jurisdiction and standing, the Eleventh Amendment bars me from ordering the defendants to comport with state law or issuing declarations about their compliance with state law. Moreover, Walters' claims fail because they rely on a legal theory that both state and federal courts have rejected. Therefore, I grant the defendants' motion and dismiss Walters' complaint without leave to amend. I deny Walters' motion for preliminary injunction as moot.[5]

## IV. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 18) is GRANTED** and the complaint (ECF No. 1) is DISMISSED, without leave to amend.

I FURTHER ORDER that Walters motion for preliminary injunctive relief **(ECF No. 3) is DENIED as moot**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 20th day of December, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] In the alternative, I would deny Walters' motion for preliminary injunction because he seeks injunctive relief against Nevada's electors who are not parties in this case. I cannot grant any injunctive relief with respect to non-parties. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) (holding that one cannot be bound "by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process").

12